UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X
MCMC, LLC,

        Plaintiff,

   -against-

ANTHONY RICCARDI,

        Defendant.
------------------------------------X

**ORDER**
12-CV-4912 (SJF)(GRB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ NOV 1 3 2012 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

I.    Introduction

On October 3, 2012, MCMC, LLC ("plaintiff") commenced this action against Anthony Riccardi ("defendant") seeking a temporary restraining order and preliminary injunction to stop defendant's alleged violation of an employment agreement between plaintiff and defendant. The Court denied plaintiff's application for a temporary restraining order and set a briefing schedule on plaintiff's application for a preliminary injunction. [Docket Entry No. 5].

On October 18, 2012, defendant opposed plaintiff's motion, moved to dismiss the complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue, [Docket Entry No. 9], and attempted to set a separate briefing schedule for the motion to dismiss. On October 25, 2012, defendant requested that a hearing scheduled for October 29, 2012 be adjourned to November 26, 2012 to allow the parties to fully brief the motion to dismiss before appearing at the hearing. [Docket Entry No. 22].

Plaintiff has opposed defendant's request to adjourn the hearing, [Docket Entry No. 27], and

1

has requested that the Court decide the application for a temporary injunction on the papers prior to the scheduled hearing. Id. As both parties have had a sufficient opportunity to address the venue issue, which is dispositive, the motion to adjourn the hearing is denied, and the case is dismissed.

II.  Analysis

Plaintiff bears the burden of demonstrating proper venue by a preponderance of the evidence, Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005), and the complaint and any affidavits are viewed in the light most favorable to the plaintiff in determining whether to dismiss based upon improper venue. Global Seafood Inc. v. Bantry Bay Mussels Ltd., 659 F.3d 221, 224 (2d Cir. 2011).

Proper venue in this case depends on whether the forum selection clause in the employment agreement is permissive or mandatory. "A permissive forum selection clause only confers jurisdiction in the designated forum, but does not deny plaintiff his choice of forum, if jurisdiction there is otherwise appropriate. Mandatory forum selection clauses, on the other hand, require that disputes must be brought in the designated forum, to the exclusion of all other fora where jurisdiction may also lie." Global Seafood, 659 F.3d at 225 (internal quotation marks and citations omitted). A forum selection clause is mandatory if "(1) it confers exclusive jurisdiction on the designated forum or (2) incorporates obligatory venue language." Id. (internal quotation marks omitted). "Forum selection clauses lacking any clear exclusionary or obligatory language . . . are . . . permissive and not subject to a presumption of enforceability." Id.

Defendant argues that the following forum selection clause in the employment agreement requires that this action be brought in Boston, Massachusetts:

> This Agreement shall be governed by and construed in accordance with, the laws of the Commonwealth of Massachusetts . . . . Any action or proceeding arising out of or related to this Agreement shall be brought only in a federal or state court located

2

> in Boston, Massachusetts. Employee consents to the personal jurisdiction of such courts and waives any claim that he may have at any time as to forum non conveniens with respect to such courts.

Affidavit of Anthony Riccardi, Ex. A [Docket Entry No. 18]. This forum selection clause is clearly mandatory. See, e.g., Phillips v. Audio Active Ltd., 494 F.3d 378, 386 (2d Cir. 2007) ("The parties' use of the phrase 'are to be brought' establishes England as an obligatory venue for proceedings within the scope of the clause."); Falconwood Fin. Corp. v. Griffin, 838 F. Supp. 836, 838 n.1 (S.D.N.Y. 1993) (holding the following forum selection clause to be mandatory: "The parties hereby agree that the exclusive venue for suit with respect to this Agreement shall be the courts of the State of New York or the federal courts of the Southern District of New York"); ASM Commc'ns, Inc. v. Allen, 656 F. Supp. 838, 839-40 (S.D.N.Y. 1987) (holding that a forum selection clause containing the word "shall" is mandatory). Plaintiff argues that the section of the employment agreement dealing with its manner of enforcement creates an exception to the forum selection clause for actions seeking injunctive relief:

> The parties hereto agree that money damages would not be an adequate remedy for any breach of this Agreement because the services provided by Employee pursuant to this Agreement are unique and because Employee has access to confidential and proprietary information of the Company. As such, in the event Employee breaches or threatens to breach this Agreement, the Company or its successors or assigns may, in addition to other rights and remedies existing in their favor, apply to any court of competent jurisdiction for specific performance and/or injunctive relief in order to enforce, or prevent any violations of, the provisions hereof (without posting a bond or other security). In addition, in the event of an actual breach or violation by Employee of Section 7, 8 or 9, the non-Compete Period and the Non-Solicitation period, as applicable, shall be tolled until such breach or violation has been duly cured.

Id. According to plaintiff, "notwithstanding the Employment Agreement's general choice of forum provision . . . , [plaintiff] carved out for itself the right to seek injunctive relief to enforce

3

[defendant's] non-compete and non-solicitation obligations wherever it deems necessary . . . ." Reply Memorandum of Law in Further Support of Plaintiff MCMC, LLC's Motion for a Preliminary Injunction and Expedited Discovery [Docket Entry No. 21] ("Pl. Reply") at 12.

In support of this argument, plaintiff cites Remedy Intelligent Staffing, Inc. v. Metro. Emp't Corp. of Am., No. 08-11369, 2008 WL 5156609 (D. Mass. Dec. 5, 2008), "where the court permitted a franchisor-plaintiff to proceed with an action for injunctive relief in federal district court despite the fact that the franchise agreement at issue contained a broad arbitration clause." Pl. Reply at 13. However, the broad mandatory arbitration clause in Remedy was explicitly limited by the following provision: "The preceding [forum selection clause] shall not limit Franchisor's rights or remedies in connection with any action in any court of competent jurisdiction for injunctive or other provisional relief . . . ." Remedy, 2008 WL 5156609, at *1. The employment agreement does not exclude actions for injunctive relief from the forum selection clause. Cf., e.g., Rescuecom Corp. v. Chumley, 522 F. Supp.2d 429, 446 (N.D.N.Y. 2007) (holding that action for injunctive relief was not arbitrable where "arbitration clause expressly provides that '[n]othing contained herein shall . . . be construed to limit or to preclude Franchisor from bringing any action in any court of competent jurisdiction for injunctive . . . relief"); Fenn & Fenn, Inc. v. MacQueen, No. 88 Civ. 4196, 1989 WL 58041, at *9-10 (S.D.N.Y. May 19, 1989) (holding that the following language clearly and unambiguously exempted actions for injunctive relief from the arbitration clause: "[Disagreements] arising out of this agreement . . . shall be submitted to and determined by the American Arbitration Association . . . except disputes or disagreements arising out of Paragraphs 4 and 10 and in such cases the Company reserves its right to injunctive relief as may be issued by a Court of competent jurisdiction within

this State or elsewhere"). Without express language specifying that the enforcement section is intended to create an exception to the forum selection clause, "any court of competent jurisdiction" may be interpreted as referring to any such courts in Boston. The clause only ensures plaintiff's ability to seek injunctive relief, without a bond. See Perreca v. Gluck, 295 F.3d 215, 224 (2d Cir. 2002) ("[I]t is . . . a 'cardinal principle of contract construction[] that a document should be read to give effect to all its provisions and to render them consistent with each other.'") (quoting Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 63 (1995)).

Moreover, to the extent that an ambiguity exists, it is construed against the drafter absent extrinsic evidence of the parties' intent. See RLS Assocs., LLC v. United Bank of Kuwait PLC, 380 F.3d 704, 712 (2d Cir. 2004) ("Ambiguities are generally interpreted against the drafter."); see also, e.g., Remy Amerique, Inc. v. Touzet Distrib., S.A.R.L., 816 F. Supp. 213, 217 (S.D.N.Y. 1993) (holding that agreement which provided that "[a]ny controversy or claim arising out of, or relating to this Agreement" shall be arbitrated, and that "[t]he parties may seek from the Arbitration Tribunal and from any judicial courts of proper jurisdiction equitable relief by way of temporary and permanent injunctions," was at most ambiguous and, construing the agreement in favor of arbitration, required that an action for equitable relief be arbitrated). Plaintiff has not provided extrinsic evidence to show that the parties' intent was to allow plaintiff to seek injunctive relief in any court, despite the unambiguous language requiring that all actions "arising out of or related to" the agreement be brought in Boston. Plaintiff argues that "[g]iven the national breadth and diversity of its businesses, and the need, typically, in cases such as this one to marshal witnesses and documents quickly, it is entirely logical that [plaintiff] would afford itself the flexibility to seek an injunction wherever the affected business is centered." Pl. Reply

at 12. Whether it would have been logical for plaintiff to grant itself such flexibility is irrelevant; plaintiff did not clearly exclude actions for injunctive relief from the scope of the forum selection clause and, as the drafter of the agreement, must bear the consequences of the agreement's ambiguity.

Plaintiff also relies upon the doctrine of contractual construction that "a specific provision . . . governs the circumstance to which it is directed, even in the face of a more general provision," Capital Ventures Int'l v. Republic of Argentina, 652 F.3d 266, 272 (2d Cir. 2011), and argues that the enforcement clause specifically addresses actions for injunctive relief and must govern in lieu of the more general forum selection clause. However, since the clauses may be interpreted to be consistent with one another, it is not clear that the enforcement clause was intended to govern any specific situation not covered by the forum selection clause.

"Under 28 U.S.C. § 1406(a), district courts are instructed to dismiss an action brought in the wrong venue 'or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" Gonzalez v. Hasty, 651 F.3d 318, 324 (2d Cir. 2011). Whether to transfer or dismiss the case is within the discretion of the Court. See id. Neither party has requested that the action be transferred, and plaintiff has not indicated any reason it is unable to re-file the action in an appropriate venue. Therefore, the action is dismissed without prejudice.

IV. Conclusion

For the foregoing reasons, plaintiff's complaint is dismissed. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**                   s/ Sandra J. Feuerstein

                                  _____
                                  SANDRA J. FEUERSTEIN
                                  United States District Judge

Dated: November 13 2012
       Central Islip, New York